*MANSFIELD AND HAHN, TRUSTEES, v. HOUSTON.

PAYMENT OF POLICY DOES NOT RELIEVE MEMBER FROM LIABILITY.

Notwithstanding the destruction of property and payment of the insurance, the person insured remains liable, as a member of a mutual fire insurance company for his share of losses occurring during the period of his insurance.

ERROR to the Court of Common Pleas of Hamilton county.

MEMORANDUM of Opinion:

The Buckeye Mutual Fire Insurance Company, issued to Houston a policy for $2,500 for one year from December, 1889, upon his printing establishment, then located in the Nevada Building, on the southeast corner of Fifth and Sycamore streets, Cincinnati. The property was destroyed by fire within a month after the time the policy was issued, and $2,425 was paid to Houston by the insurance company. In the early part of 1891 the state insurance commissioner instituted proceedings in the Supreme Court to oust the company of its franchise on account of improper conduct. A judgment of ouster was had, and Edwin Mansfield and Wm. M. Hahn were appointed trustees to wind up the concern. Among the assets, which consisted of premium notes and contingent lia-

---

* The judgment in this case was affirmed by the Supreme Court; unreported, 580, S., 690.

bilities expressed on the face of the policies, the books showed that Houston held the policy aforesaid. It required an assessment of 51.7 per cent. upon the assets of the company to pay its liabilities. This assessment the trustees levied, and made a demand upon Houston therefor. His contingent liability was five times his annual premium. Houston refusing to pay, suit was brought. The defense was that the destruction by fire of the building, together with the payment of the amount insured, canceled the policy and extinguished all the liability of the assured, he not "continuing to be insured," as provded by law. The trustees, on the other hand, claimed that notwithstanding the destruction of the property and the payment, Mr. Houston, as a member of a mutual company, remained liable for his share of the losses during the period of his insurance.

Judge Wilson found for the trustees, and rendered a judgment for the full amount claimed. This judgment was affirmed by the circuit court.

Tugman & Baker, for plaintiff in error.

W. T. Porter and Skiles & Skiles, for trustees of insurance company.